**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARY WILKINS, <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 2:13-cv-00918-JCM-PAL <br><br> **ORDER** <br><br> (Am. Complaint - Dkt. #4) |

  This matter is before the court on Plaintiff's Amended Complaint (Dkt. #4), filed July 1, 2013. Plaintiff is proceeding in this case pro se, and on June 4, 2013, the court granted Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #1). *See* Order (Dkt. #2). The court then screened Plaintiff's Complaint (Dkt. #3) pursuant to 28 U.S.C. § 1915 and found Plaintiff had not stated a claim upon which relief could be granted. Specifically, the court found that Plaintiff had not alleged she had exhausted her administrative remedies, and she alleged the Complaint was filed outside of the sixty-day period in which to commence a civil action after a final decision of the Commissioner of Social Security. Therefore, the court dismissed Plaintiff's Complaint with leave to amend, and Plaintiff filed the Amended Complaint, which the court will now screen.

  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff's Amended Complaint alleges that she is disabled and entitled to disability insurance benefits.  Before Plaintiff can sue the SSA in federal court, she must exhaust his administrative remedies.  42 U.S.C. § 405(g).  *See Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curium) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim").  Generally, if the SSA denies a claimant's application for disability benefits, he can request reconsideration of the decision.  If the claim is denied at the reconsideration level, a claimant may request a hearing before an Administrative Law Judge ("ALJ").  If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council.  If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court.  *See generally* 20 C.F.R. §§ 404, 416.  Plaintiff has alleged she exhausted her administrative remedies and received a final decision of the Commissioner on March 5, 2013.  Plaintiff had sixty days to file her Complaint measured from the date the final decision was mailed.

Plaintiff filed her application to proceed in forma pauperis and submitted her Complaint on May 23, 2013.  Plaintiff has not alleged she has received an extension of time from the Commissioner to file a civil action in federal court.  However, Plaintiff asserts she calculated the time period in which to file her Complaint based on court days, rather than calendar days.  She also contends she would not have been able to submit her Complaint in a timely manner in any event because of an emergency medical situation involving her mother and Plaintiff's eviction from her home.  Plaintiff does not allege she

///

requested an extension of time from the Social Security Administration in which to file her federal lawsuit.

42 U.S.C. § 405(g) provides that after a final decision of the Commissioner, a claimant may obtain review of the decision by a civil action "commenced within sixty days after the mailing to him notice of such decision or within such further time as the Secretary may allow." *Id.* Further, 20 C.F.R. § 404.900(b) provides that if a claimant is dissatisfied with the decision of the Social Security Administration, but does not take the next step within the prescribed time frame, the claimant loses her right to judicial review. *Id.* The sixty-day limitations period in section 405(g) may be extended by either: (a) the Commissioner of Social Security pursuant to 20 C.F.R. §§ 404.1482 or 404.1411; or (b) the courts applying equitable tolling principles. *See Johnson v. Shalala,* 2 F.3d 918, 923 (9th Cir.1993) (citing *Bowen v. City of New York,* 476 U.S. 467, 479 (1986)). The sixty-day filing requirement provided for in 42 U.S.C. § 405(g) is treated as a statute of limitations period, is not jurisdictional, and is subject to equitable tolling. *Bowen,* 476 U.S. at 479. Because it is not jurisdictional, the court will screen the Amended Complaint.

The Amended Complaint should state the nature of Plaintiff's disability, when Plaintiff claims he became disabled, and when and how he exhausted his administrative remedies. It should also contain a plain, short, and concise statement identifying the nature of Plaintiff's disagreement with the determination made by the Social Security Administration and show that Plaintiff is entitled to relief. A district court can affirm, modify, reverse, or remand a decision if Plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

Here, Plaintiff's Amended Complaint seeks judicial review of the Commissioner's decision and requests the court reverse it. Plaintiff contends she is entitled to Social Security benefits because she has a disabling back injury, a problem with her right leg, and neuropathy. Plaintiff has stated a claim for initial screening purposes under 28 U.S.C. § 1915.

Accordingly,

**IT IS ORDERED:**

1. The Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Amended Complaint by certified mail to: (1) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, CA, 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

2. The Clerk of Court shall issue summons to the United States Attorney for the District of Nevada and deliver the summons and Amended Complaint to the U.S. Marshal for service.

3. From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

Dated this 30th day of August, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE